■ RIVER DEVELOPMENT COMPANY, Appellant, v. JACK ELLSWORTH, Respondent.— Judgment unanimously modified, on the law and facts, in accordance with memorandum, and as modified affirmed, with costs to appellant. Memorandum: In his petition for the removal of respondent from a certain portion of premises known as Holiday Plaza in the Rochester Holiday Inn Downtown petitioner alleges that that portion designated as area "Q" was leased by petitioner to respondent under a written lease by the terms of which it was to be used and occupied solely for an "integrated group of international retail boutiques" but that instead of such use and in violation of the lease the area had been used as a depository for pinball and vending machines. In making its decision dismissing the petition as to the premises in question the trial court made no finding of fact or conclusion of law. We find from the evidence adduced upon the hearing after issue was joined that it was the intent of the parties that the term "integrated group of international retail boutiques" referred to a number of retail shops set up in a series of stalls in the leased area, which would offer merchandise manufactured in or characteristic of various nations, with an amusement area or "kiddyland" also envisioned for the purpose of providing entertainment and services to the customers and children of customers while they shopped at the boutiques; that consistent with such pur-

pose respondent redecorated the area, constructed stalls for boutiques, sought tenants, signed leases with at least three parties and moved in several amusement machines; that only a pottery boutique actually entered into occupancy of one of the stalls and that that boutique shortly thereafter moved out and two other parties who had signed leases for boutiques failed to take occupancy when respondent began to move more and more coin operated amusement machines into the area to offset costs; that the result of respondent's operation was a "penny arcade" type use and occupancy involving 33 coin operated amusement machines and vending machines serving mostly teenagers, in violation of city ordinances, with only one retail shop on the premises, operated by petitioner and offering inexpensive merchandise to those frequenting the amusement center. The evidence establishes that the use made by respondent of the premises was a clear violation of the lease agreement and petitioner is entitled to possession of the premises designated area " Q " and the removal of respondent therefrom. (Appeal from part of judgment of Monroe County Court in eviction action.) Present — Marsh, P. J., Witmer, Simons, Mahoney and Goldman, JJ.